UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

                Plaintiff,               Crim. No. 09-cr-20002
                                            Civ. No.  16-cv-11309
vs.                                          Hon. Gerald E. Rosen

ROBERT PIZZINO,

                Defendant.
_____/

OPINION AND ORDER (1) DENYING DEFENDANT'S § 2255 MOTION
TO VACATE, SET ASIDE OR CORRECT SENTENCE, (2) DENYING
CERTIFICATE  OF APPEALABILITY, AND (3) DENYING
<u>LEAVE TO APPEAL *IN FORMA PAUPERIS*</u>

At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on November 8, 2016

PRESENT:  Honorable Gerald E. Rosen
                            United States District Judge

I.  <u>INTRODUCTION</u>

On May 21, 2009, Defendant Robert Pizzino pleaded guilty to one count of distribution of child pornography, 18 U.S.C. § 2252A(a)(2).  On September 3, 2009, he was sentenced to a term of imprisonment of 180 months.  On April 8, 2011, the Sixth Circuit Court of Appeals entered an Opinion vacating the sentence imposed on Pizzino and remanded the case for a resentencing to address Pizzino's nonfrivolous arguments for leniency.  A resentencing hearing was held in accordance with the Sixth Circuit's

1

ruling, and on September 13, 2011, Pizzino was again sentenced to a 180-month term of incarceration, with credit for the time served on the sentence previously imposed. The Sixth Circuit affirmed the new judgment, and on January 10, 2013, the U.S. Supreme Court denied Pizzino's petition for a writ of certiorari.

On April 8, 2016, Pizzino filed the instant Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence. For the reasons set forth below, the Court concludes that Defendant's Motion is untimely and, therefore, will be denied.

## II.  DISCUSSION

The Antiterrorism and Effective Death Penalty Act ("AEDPA") establishes that state and federal prisoners have a one-year limitations period within which to file a habeas corpus petition or § 2255 motion. *See* 28 U.S.C. § 2255(f); *Mayle v. Felix*, 545 U.S. 644, 655, 125 S.Ct. 2562, 2569 (2005). Generally, this one-year period begins runs when the judgment of conviction becomes final. 28 U.S.C. § 2255(f)(1). A conviction becomes final upon conclusion of direct review. *See Sanchez-Castellano v. United States*, 358 F.3d 424, 426 (6th Cir.2004) (citing *United States v. Cottage*, 307 F.3d 494, 498 (6th Cir. 2002)). When a petition for a writ of certiorari is filed, the conviction becomes final when the writ is denied. *United States v. Hicks*, 283 F.3d 380, 387 (D.C. Cir. 2002).

In this case, therefore, to have been timely, Defendant's § 2255 motion had to have been filed one-year from January 10, 2013, when the Supreme Court denied his petition

for a writ of certiorari -- i.e., by January 10, 2014. Pizzino, however, did not file his motion until April 8, 2016 -- more than two years after the time for filing a § 2255 motion had expired.

The statute, however, provides an exception to this "one year from the date of conviction becomes final" rule: § 2255(f)(3) provides that if the Supreme Court creates a newly-recognized right, and makes that newly-recognized right retroactively applicable to cases on collateral review, then a § 2255 movant has one year from the date that new right was first recognized to file his motion. The newly-created right, logically would have to be relevant and applicable to the movant's argument.

Defendant Pizzino here contends that his motion is timely because it was filed within a year of the Supreme Court's decision in *Johnson v. United States*, ___ U.S. ___, 135 S.Ct. 2551 (2015). Defendant argues that, in *Johnson*, the Supreme Court first recognized the "vagueness doctrine," the purported newly recognized right upon which he relies in arguing that his guilty plea should be set aside. *See* Memorandum in Support of § 2255 Motion, Dkt. # 53, p. 3.

In *Johnson*, the Court held that the residual clause of the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B)(ii) (the "ACCA"), which defines the term "violent felony" as including an offense that "involves conduct that presents a serious potential risk of physical injury to another" is unconstitutionally vague. *Johnson* is wholly inapplicable here. Pizzino was not sentenced pursuant to the ACCA, and the Act had no application

whatsoever with regard to Defendant Pizzino's sentence for distribution of child pornography. Nor were the Career Offender Guidelines implicated in his case.[1]

With respect to Pizzino's argument concerning the "vagueness doctrine" being a newly recognized right in *Johnson*, Defendant is mistaken. *Johnson*, did not recognize the vagueness doctrine as a new right. The void for vagueness doctrine is "an outgrowth . . . of the Due Process Clause of the Fifth Amendment," *United States v. Paull*, 551 F.3d 516, 525 (6th Cir. 2009), and it existed years before *Johnson* was decided. *See, Connally v. Gen. Constr. co.* 269 U.S. 385 (1926); *Grayned v. City of Rockford*, 408 U.S. 104, 108 (1972); *Kolender v. Lawson*, 461 U.S. 352, 357 (1983).

As the vagueness doctrine was in existence when Defendant's sentence became final on January 10, 2013, Pizzino would have had to have filed his § 2255 motion raising his vagueness argument within the following year. Because Pizzino did not file his motion before January 10, 2014, the present motion is untimely and statutorily barred. Accordingly, Defendant's § 2255 Motion will be DENIED.

The Court will also deny a certificate of appealability. Before a Section 2255 movant may appeal an adverse decision, a certificate of appealability must issue. 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional

---

[1] In *United States v. Pawlak*, 822 F.3d 902 (6th Cir. 2016), the Sixth Circuit determined that *Johnson*'s rationale applies with equal force to the Career Offender Guidelines' residual clause.

right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the matter should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). When a district court rejects a habeas petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims to be debatable or wrong. *Id.* at 484. "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2255 Cases, Rule 11(a), 28 U.S.C. foll. § 2255.

For the reasons stated in this Opinion, the Court will deny Defendant Pizzino a certificate of appealability because he has failed to make a substantial showing of the denial of a federal constitutional right. The Court also will deny leave to appeal *in forma pauperis* as an appeal cannot be taken in good faith. Fed. R. App. P. 24(a).

### III.  CONCLUSION

For all of the reasons set forth above in this Opinion and Order,

IT IS HEREBY ORDERED that Defendant Pizzino's § 2255 Motion to Vacate, Set Aside, or Correct his Sentence **[Dkt. # 43]** is DENIED, and his Motions to proceed in habeas proceeding *ifp* **[Dkt. # 45]** and for plea and sentencing transcripts **[Dkt. # 46]** are denied as MOOT. Accordingly,

IT IS FURTHER ORDERED that Civil Action No. 16-cv-11309 is DISMISSED,

with prejudice.

       IT IS FURTHER ORDERED that a Certificate of Appealability is DENIED.

Leave to appeal *in forma pauperis* also is DENIED.


                      s/Gerald E. Rosen
                      United States District Judge

Dated: November 8, 2016

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on November 8, 2016, by electronic and/or ordinary mail.

                      s/Julie Owens
                      Case Manager, (313) 234-5135