UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES,

        Plaintiff,

v.                              Case No. 09-cr-20002
                                  District Judge Paul D. Borman

ROBERT MICHAEL PIZZINO,

        Defendant.
_____/

**ORDER DENYING DEFENDANT ROBERT MICHAEL PIZZINO'S MOTION FOR COMPASSIONATE RELEASE UNDER 18 U.S.C. § 3582(c)(1)(A)**

## BACKGROUND

Defendant Robert Pizzino filed a Motion for Compassionate Release. (ECF No. 64.) The parties agree that Defendant has timely exhausted his administrative rights/ remedies within the Bureau of Prisons (BOP), and that this Motion is properly before this Court.

At his plea hearing on May 21, 2009 (before Judge Gerald Rosen) Defendant admitted to viewing and distributing large amounts of child pornography over a 10-year period. (ECF No. 18.) Defendant--then 65 years old--stated that he was not taking any medication, that he was diabetic, but is no longer diabetic, that he no longer has high blood pressure, and that he had bariatric surgery four years ago. (ECF No. 18, PageID 76.) At that hearing, his attorney put on the record that

1

Defendant had "a matter in Macomb County Circuit Court where you've proffered a no contest [*nolo contendere*] plea to a criminal sexual conduct offense," and was awaiting sentence. (*Id.* at PageID 89.)

Defendant's Presentence Report Guideline Offense Level Computation included enhancements for material involving a prepubescent minor or a minor who had not attained the age of 12 years, and for material that portrays sadistic or masochistic conduct or other depictions of violence. (PSR, p. 6, ¶¶ 18, 20.)

Defendant's PSR also explicated that his Michigan state court conviction for Criminal Sexual Conduct III, which occurred within the latter part of the 10-year pornography distribution conduct in the instant case, involved hands-on sexual contact by Defendant, victimizing a 15-year-old minor girl, in his care on weekends, time and again, for over five months. (PSR p. 5, ¶ 11, p. 7 ¶ 33.)

Defendant was sentenced by Judge Rosen on September 2, 2009 to 180 months incarceration (15 years) on his federal charge of distribution of child pornography.

## DISCUSSION

Defendant contends that he is fearful that "he will succumb to the COVID-19 pandemic due to his precarious medical situation, particularly in light of the uncontradicted recognition that this novel coronavirus is ravaging our penal institutions." (ECF No. 64, PageID 317.)

The Court notes that on December 23, 2020, Defendant was incarcerated at FCI-Ashland (KY), where 32 inmates were COVID-19 positive; 309 had recovered; 15 staff positive; 29 staff recovered. (Per BOP Attorney Supervisor Tracy Knutson, St. Louis, MO, December 28, 2020.)

Defendant contends that he is "76 years old, suffers from diabetes, obesity, arthritis, chronic bronchitis/pneumonia, and high blood pressure." (ECF No. 64, PageID 336.)

The Court notes that the recent decision by the United States Court of Appeals for the Sixth Circuit in *United States v. Jones*, (__ F.3d __ 2020), 2020 WL 6817488 (November 20, 2020), held that the district court is not limited in its determination of "extraordinary and compelling reasons" for sentencing reduction, to those examples set forth in United States Sentencing Guideline 1B1.13.

Both the Defendant and the Government agree that the current worldwide pandemic caused by COVID-19 presents an extraordinary and compelling reason for compassionate release. Nevertheless, as discussed *infra,* the Government concludes that compassionate release is not warranted in this case.

The Court recognizes the broad scope of the COVID-19 pandemic, and in particular, its increasing impact within the BOP. At the same time, the Court is well aware that in ruling on Defendant's Motion, it must initially consider the sentencing factors set forth in 18 U.S.C. § 3553(a), to the extent that they are

applicable, if it finds extraordinary and compelling reasons that warrant a sentence reduction under 18 U.S.C. § 3582(c)(1)(A). *United States v. Ruffin*, 978 F.3d 1000, 1001 (6th Cir. 2020).

Defendant's Motion contends that "Mr. Pizzino's offense should not be construed as violent, and he is not a danger to the safety of any other person or to the community." (*Id*. at PageID 354.) (Citation omitted.) The Court disagrees with Defendant's contention that this offense should not be construed as violent.

Defendant notes that he has served in excess of 75 percent of his sentence. (*Id*.) Defendant attaches his BOP medical records highlighting:

> Diabetes mellitus, Type II (adult onset);
> Morbid obesity;
> Hypertension, benign essential;
> Hyperlipidemia, unspecified;
> Bariatric surgery status;
> Bronchitis, acute in 2016; and
> Pneumonia in 2016.

(BOP medical records, ECF No. 70, Exhibit B, PageID 412-415.)

Defendant attaches notes from a 2009 private sex offender treatment program that he attended prior to his sentencing. (*Id*., Exhibit D, PageID 421-432.)

The Government Response in Opposition notes that Defendant declined to participate in the BOP Sex Offender Treatment Program (SOTP) during his 11 years of incarceration. (ECF No.72-3, Exhibits to the United States' Response

4

Opposing the Defendant's Motion for Compassionate Release or Request for Home Confinement, PageID 616.)

The Government Response contends that Defendant does not qualify for compassionate release because, if released, he would be a significant danger to the community, and children in particular.

The Government further notes:

> <u>First</u>, as an initial matter, the Government agrees that Pizzino's circumstances qualify as "extraordinary," Pizzino's medical records establish that he has diabetes mellitus (Type II), obesity, and chronic bronchitis, which the CDC has confirmed are risk factors that place a person at increased risk of severe illness form COVID-19…The Court should note that on October 1, 2020, Pizzino reported that "he is doing well and has no new complaints." (Government Exhibit 1, 2). The medical report notes that he is "overall doing well and states he lost some weight and that made him feel better." (Gov Exhibit 1, 2).

(ECF No. 72, PageID 448.)

The Government contends that the sentencing factors in 18 U.S.C. § 3553(a) strongly weigh against compassionate release:

> Before ordering relief, the court must consider the factors set forth in 18 U.S.C. § 3553(a) and determine that release is appropriate. 18 U.S.C. § 3582(c)(1)(A). A defendant's failure to establish that the § 3553(a) factors support relief is an independent basis for denying compassionate release. *United States v. Ruffin*, 978 F.3d 1000, 1001 (6th Cir. 2020).

5

> Even when extraordinary and compelling reasons exist, the statute leaves district courts with discretion to deny relief under a balancing of the sentencing factors in § 3553(a).

The *Ruffin* opinion further noted "Despite the serious nature of his health conditions, Ruffin was receiving regular medical treatment to manage those conditions." *Ruffin*, at 1009. So too here with regard to Pizzino.

Defendant's Reply indicates significant skepticism about the success of the BOP's efforts to protect inmates from COVID-19. (*Id*. at PageID 627.)

Defendant's Reply asserts that he has been a model prisoner in the last 11 years, and does not present a danger upon release.

In response to the Government's assertion, and BOP evidence, that Defendant declined to participate in SOTP program, Defendant notes his attending 67 sessions at private group sex offender therapy prior to his 2009 incarceration, and contends that his decision in 2011 to not sign up for SOTP participation was after a prison psychologist informed him that he would be required, as a condition of supervised release, to participate in a similar program. Thus, Defendant now seeks release to the community without having sought or received any post-sentence sex offender treatment within the BOP.

6

Finally, Defendant asserts that, if released, he will be immediately transferred to the custody of the Michigan Department of Corrections to determine his request for state parole on his concurrent 2009 sentence of 24-40 months that he has completed years ago. Thus, it appears that all that remains on his state sentence is his transfer to the Michigan Department of Corrections and its officially granting parole.

## CONCLUSION

As the Sixth Circuit noted in *United States v. Schrank*, 975 F.3d 534, 536 (2020):

> Child pornography is an abhorrent offense that scars the children affected forever.

This is true here, even more so, because Defendant was convicted in state court of also being a pedophile.

Defendant's prospective release date is March 1, 2022. He is 76 years old. He committed the child pornography crimes over a 10-year period concluding with his arrest in 2008 when he was 64 years old. He committed his coercive, hands-on, sexual predator offenses against a 15-year-old girl in 2007 and 2008 when he was in his 60's. (PSR, p. 7, ¶¶ 37-38.) Defendant has not enrolled in any SOTP during his 11 years of BOP custody.

While the Court recognizes that COVID-19 creates a new and significant health risk within the Bureau of Prisons, the Court also notes that the BOP is

taking steps to deal with this pandemic in its institutions. *Wilson v. Williams*, 961 F.3d 829, 844 (6th Cir. 2020). At the same time, the Court recognizes that since the *Wilson* decision in June, 2020, the number of COVID-19 cases within BOP institutions has increased.

Defendant is addicted to child pornography and is also a vicious child predator, who during his lengthy term of imprisonment, declined to take rehabilitative SOTP programs. This indicates to the Court a lack of sincere rehabilitation.

The Court finds that the overriding determinative factor in this case, in its consideration of Defendant Pizzino's Motion for Compassionate Release under 18 U.S.C. § 3582(c)(1)(A), is U.S.C. § 3553(a)(2)(C): to protect the public from further crimes of the Defendant.

The Court concludes that, if released, Defendant Pizzino remains a danger to the community--the public, and children in particular. There is a need to protect the community from further similar criminality by him if released.

Accordingly the Court DENIES Defendant Robert Michael Pizzino's Motion for Compassionate Release.

SO ORDERED.

DATED:  December 28, 2020         s/Paul D. Borman
                                  PAUL D. BORMAN
                                  UNITED STATES DISTRICT JUDGE